**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID O'NEIL YORKS,

     Petitioner,        Case No. 2:16-CV-10926

v.                    HONORABLE DENISE PAGE HOOD
                             CHIEF UNITED STATES DISTRICT JUDGE

JOSEPH BARRETT,

     Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA
PAUPERIS***

David O'Neil Yorks, ("Petitioner"), confined at the Cooper Street

Correctional Facility in Jackson, Michigan, filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his

conviction and sentence for assault with intent to commit sexual

penetration, M.C.L.A. 750.520g; gross indecency by a sexually delinquent

person, M.C.L.A. 750.38b; and being a third felony habitual offender,

M.C.L.A. 769.11.  For the reasons that follow, the petition for writ of habeas

corpus is DENIED.

## I.  Background

Petitioner pleaded *nolo contendere* to the above charges in the

Genesee County Circuit Court.  Petitioner was originally sentenced to five years probation with several conditions. (Judg. 9/8/14; Ord. of Prob. 9/22/14) One of those conditions was for petitioner to successfully complete a sexual offender therapy program. (Ord. of Prob. 9/22/14, #01.5)

In December of 2014, petitioner was charged with violating the terms of his probation.  A probation violation hearing was conducted on January 7, 2015.  Following the hearing, the judge ruled that petitioner violated the terms of his probation by failing to complete the sexual offender treatment program, in that he refused to accept responsibility and admit guilt for the offense that he had been convicted of committing. (Tr. 1/7/15, pp. 95-101).

On February 9, 2015, petitioner was sentenced to two years, ten months to twenty years as a third habitual offender on the assault with intent to commit sexual penetration conviction and two years, ten months to ten years on the gross indecency conviction.  Petitioner's conviction was affirmed on appeal. *People v. Yorks,* No. 327989 (Mich.Ct.App. July 31, 2015); *lv. den.* 873 N.W. 2d 579 (Mich. 2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court unlawfully deprived [Yorks] of his due process, equal protection and other protected rights under the United States and Michigan Constitutions when it found despite his no contest plea he violated his probation by not admitting to the sex

2

offender therapist what criminal acts he had allegedly done as a condition for him remaining in the sex offender therapy program; on plain error and/or ineffective assistance of counsel grounds this court should review this issue.

II. The trial court unlawfully violated the United States and Michigan Constitutions in sentencing [Yorks] to concurrent prison terms of 34-240 months on one or more probation violations arising out of the habitual offender 3d supplement on the AWICCSP conviction and 34-120 months on one or more probation violations arising out of the habitual offender 3d supplement on the gross indecency conviction; on plain error and/or ineffective assistance of counsel grounds this court should review this issue.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of

review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)).  "[A] state

4

court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

The Michigan Court of Appeals denied petitioner's application for leave to appeal on petitioner's direct appeal in a form order "for lack of merit in the grounds presented."  The Michigan Supreme Court subsequently denied the petitioner leave to appeal in a standard form order without any extended discussion.  Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98.  "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court

5

to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 99-100.

In the present case, the AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

### III. Discussion

### A. Claim # 1. The claims involving the probation violation.

Petitioner initially raises a number of claims arising out of his probation violation.

Petitioner initially appears to argue that his original *nolo contendere* plea was invalid because he was never advised at the time of the plea that

6

a condition of his probation would be a requirement that he would have to complete sex offender therapy and that a condition of that therapy would be that petitioner would have to accept responsibility for the offense that he had been convicted of.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his *nolo contendere* plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013).  Unless a petitioner's guilty or *nolo contendere* plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

A guilty or *nolo contendere* plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty or *nolo contendere* to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991).

7

A defendant need only be made aware of the direct consequences of a guilty or *nolo contendere* plea for the plea to be made voluntarily and intelligently; a trial court is under no obligation to inform a defendant of all possible collateral consequences of a plea. *See King v. Dutton*, 17 F. 3d 151, 153 (6th Cir. 1994).  The possible consequences of a future probation violation are considered a collateral, as opposed to a direct, consequence of a plea of guilty or *nolo contendere*. *See Myers v. Straub,* 159 F. Supp. 2d 621, 628 (E.D. Mich. 2001).  The fact that petitioner's probation could be revoked if he refused to admit to sexually assaulting the victim during sex offender therapy was a collateral consequence of the plea that petitioner did not need to be informed of in order for his plea to be knowingly made, nor would the subsequent probation revocation violate due process. *See Warren v. Richland Cty. Circuit Court*, 223 F.3d 454, 457-58 (7th Cir. 2000); *Duke v. Cockrell*, 292 F.3d 414, 416-17 (5th Cir. 2002).

As a related claim, petitioner appears to argue that the trial court should not have revoked his probation because he was never informed at the time of sentencing or in the order of probation that a condition of his sex offender therapy would be that he admit to the offense.

8

Although a probationer is entitled to notice of what conduct will result in a probation violation, so that he or she can conform his or her conduct accordingly, "fair warning is not to be confused with the fullest, or most pertinacious, warning imaginable. Conditions of probation do not have to be cast in letters six feet high, or describe every possible permutation, or to spell out every last, self-evident detail." *United States v. Gallo,* 20 F. 3d 7, 12 (1st Cir. 1994). In the present case, the judge advised petitioner at sentencing that he must comply with the standard provisions for sex offenders that were included in his probation order and that petitioner was to be involved in psychological counseling. (Tr. 9/8/14, pp. 15-16). One of the conditions of petitioner's order of probation, which he signed, stated that he "must complete sex offender treatment or other treatment" when he was referred by the field agent. (Order of Probation, 9/22/14, Condition 01.5). [1] Katherine Schall, a sex offender therapist who worked with petitioner at Catholic Charities, testified at the probation violation hearing that she advised petitioner that one of the requirements of the sex offender program required him to take full responsibility for the offense. Schall also informed petitioner that without petitioner assuming "ownership" for his

---

[1] This Court's Dkt. # 9-8.

9

offense he would not be able to remain in treatment. (Tr. 1/7/15, pp. 10-11).  Jennifer Woycehoski, petitioner's probation officer, testified that she advised petitioner about the requirements of sex offender treatment, which included taking "ownership" of the crime.  Woycehoski also informed petitioner that denial would result in termination and would lead to a probation violation. (*Id.,* pp. 45-46).

In the present case, petitioner was given adequate notice that his probation could be revoked for refusing to accept responsibility for his offense during sex offender therapy when a specific condition of his probation was that he was to successfully complete sex offender therapy. The specific condition on the Order of Probation states, "[y]ou must *complete* sex offender treatment or other treatment when you are referred by the field agent."  (Ord. of Prob., #01.5, p. 2) (italics added)  The Order expressly states, "[f]ailure to comply with this order may result in a revocation of probation and incarceration."  *Id.*  Petitioner acknowledged he understood and agreed to the Order by signing the Order.  *Id.* Petitioner was explicitly informed by his therapist and his probation officer that he would be terminated from treatment if he did not accept responsibility for his conduct. *See State v. Bruce T.*, 98 Conn. App. 579,

587, 910 A. 2d 986, 991 (2006).

Petitioner further contends that the requirement that he to admit to the offense that he pleaded *nolo contendere* to violated his Fifth Amendment right against self-incrimination.  In *McKune v. Lile*, 536 U.S. 24 (2002), the Supreme Court held that requiring a convicted sex offender to admit responsibility for his criminal conduct as part of a prison rehabilitation program did not violate the prisoner's Fifth Amendment right against self-incrimination. *Id.* at 29, 48, In that context, the Court noted that "rehabilitation is a legitimate penological interest that must be weighed against the exercise of an inmate's liberty." *Id.* at 36.

Likewise, in *Minnesota v. Murphy*, 465 U.S. 420 (1984), the Supreme Court held that that a state may validly insist on answers from a probationer to even incriminating questions as long as it recognizes that incriminating answers may not be used in a criminal proceeding, eliminating the threat of incrimination. *Id.* at 435-36, n. 7.  Further, the Supreme Court noted that "nothing in the Federal Constitution would prevent a State from revoking probation for a refusal to answer that violated an express condition of probation or from using the probationer's silence as 'one of a number of factors to be considered by the finder of

11

fact' in deciding whether other conditions of probation have been violated."
*Id.* (quoting *Lefkowitz v. Cunningham*, 431 U.S. 801, 808, n. 5 (1977)).
The conditions of probation and the subsequent revocation of petitioner's
probation did not violate his right against self-incrimination.

In light of the foregoing, petitioner failed to show that his federal
constitutional rights were violated when his probation was revoked for
failing to successfully complete sex offender treatment.

Petitioner in the alternative alleges that trial counsel was ineffective
for failing to advise petitioner about the specific conditions of sex offender
therapy at the time of the original sentencing.

To show that he was denied the effective assistance of counsel
under federal constitutional standards, a defendant must satisfy a two
prong test.  First, the defendant must demonstrate that, considering all of
the circumstances, counsel's performance was so deficient that the
attorney was not functioning as the "counsel" guaranteed by the Sixth
Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so
doing, the defendant must overcome a strong presumption that counsel's
behavior lies within the wide range of reasonable professional assistance.
*Id*. In other words, petitioner must overcome the presumption that, under

the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

This Court already determined that petitioner received adequate notice from the trial court, from the probation order, and from the therapists that a condition of his probation would be the completion of a sexual offender treatment program, which in turn, would require him to accept responsibility for and admitting to the offense that he had been

13

convicted of.  In light of the fact that petitioner received adequate notice, petitioner is unable to show that counsel was ineffective for failing to ask the judge to specifically place this condition of probation on the record. Petitioner is not entitled to relief on his first claim.

### B.  Claim # 2.  The sentencing claims.

Petitioner next challenges his prison sentences.

Petitioner's sentence of two years, ten months to twenty years for assault with intent to commit sexual penetration as a third habitual offender and two years, ten months to ten years for gross indecency and being a third habitual offender were within the statutory limit for those offenses. [2]  A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).  Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the

---

[2]  Petitioner's conviction as a third felony habitual offender allowed the judge to double the maximum sentence on the underlying charges. *See People v. Edgett,* 220 Mich. App. 686, 688, 560 N.W.2d 360 (1996)(citing M.C.L.A. 769.11).

14

habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner contends that the judge erred in failing to consider mitigating factors on petitioner's behalf at sentencing.  Petitioner's claim that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf fails to state a claim upon which habeas relief can be granted, because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin v. Michigan,* 501 U.S. 957, 996 (1991)); *See also Engle v. United States,* 26 F. App'x. 394, 397 (6th Cir. 2001)(Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases).  Because petitioner had no constitutional right to an individualized sentence, no constitutional error occurred because of the state trial court's failure to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

Petitioner further claims that the trial court judge failed to consider petitioner's rehabilitative potential when fashioning his sentence.

15

Petitioner's claim that the trial court failed to consider his rehabilitative potential in fashioning his sentence is non-cognizable on federal habeas review. *See Grays v. Lafler,* 618 F. Supp. 2d 736, 749 (W.D. Mich. 2008). "There is no constitutional principle that prefers rehabilitation over deterrence and retribution as a goal of sentencing." *Fielding v. LeFevre*, 548 F. 2d 1102, 1108 (2nd Cir. 1977).

Petitioner further alleges that the trial judge erred in failing to recognize that he had the discretion under Michigan law to refrain from applying the habitual offender statute to increase his maximum sentence to twenty years in prison on the assault with intent to commit sexual penetration charge and ten years on the gross indecency charge. Petitioner's claim involving the application of Michigan's habitual offender laws is non-cognizable on habeas review, because it involves an application of state law. *See Rodriguez v. Jones,* 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); *Grays v. Lafler*, 618 F. Supp. 2d at 751.

Petitioner finally contends that the judge relied on inaccurate information in fashioning his sentence.  A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556

16

(1980) (*quoting United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. at 741(stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law).  In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe*, 493 F. 2d 343, 345-346 (6th Cir. 1974).  Where a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing sentence, this claim is without merit. *See Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

Petitioner has failed to show that the trial court judge relied on materially false information in fashioning his sentence.  Petitioner is not entitled to relief on his claim.

Petitioner further contends that trial counsel was ineffective for failing to object to the sentences that were imposed.  A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012).  Although sentencing does not involve a criminal defendant's guilt or

17

innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler,* 132 S. Ct. at 1386 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

At the probation violation sentencing, petitioner's counsel provided the trial court three letters from petitioner's pastor, his sister, and a neighbor. (Tr. 2/9/15, p. 5).  Counsel allocuted extensively on petitioner's behalf at sentencing, asking for mercy from the trial court. (*Id.,* pp. 6-7, 9-10).  In imposing sentence, the judge noted that petitioner had prior convictions for sexually abusing children and that he had been caught attempting to have sex with the minor victim in this case.  In spite of the seriousness of the offenses, the judge nevertheless sentenced petitioner within the sentencing guidelines range of 10-34 months. (*Id.,* pp. 12-15). [3]

In light of the severity of the offense, petitioner's prior criminal record, and his failure to comply with the terms of probation, petitioner is unable to show that the judge would have imposed a more lenient sentence.  If "one is left with pure speculation on whether the outcome of

---

[3] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7 (2003) (citing M.C.L.A. 769.34(2)).  The maximum sentence is not determined by the trial judge but is set by law. See *People v. Claypool,* 470 Mich. 715, 730, n. 14 (2004) (citing M.C.L.A. 769.8).

... the penalty phase could have been any different," there has been an

insufficient showing of prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th

Cir. 2004). Because petitioner has offered no evidence to show that the

state trial court judge would have been inclined to impose a lesser

sentence, petitioner is unable to show that he was prejudiced by his trial

counsel's purported ineffectiveness in failing to object to the sentence

length. See *Spencer v. Booker*, 254 F. App'x. 520, 525-26 (6th Cir. 2007).

### IV. Certificate of Appealability

In order to obtain a certificate of appealability, a prisoner must make

a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2). To demonstrate this denial, the applicant is required to show

that reasonable jurists could debate whether, or agree that, the petition

should have been resolved in a different manner, or that the issues

presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court

rejects a habeas petitioner's constitutional claims on the merits, the

petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims to be debatable or wrong.

*Id.* at 484. "The district court must issue or deny a certificate of

19

appealability when it enters a final order adverse to the applicant." Rules
Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

This Court denies a certificate of appealability because reasonable
jurists would not find this Court's assessment of the claims to be debatable
or wrong. *See Slack v. McDaniel*, 529 U.S. at 484. Petitioner may,
however, proceed *in forma pauperis* on appeal because an appeal could
be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a
writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is
**DENIED.**

IT IS FURTHER ORDERED that the petitioner will be **GRANTED**
leave to appeal *in forma pauperis.*


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  August 31, 2016

20

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager